IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WINSLOW ULYSSES HARVEST, | : |
|     Plaintiff | : |
|       v. | : Case No. 3:21-cv-113-KAP |
| CPL HARRY REGER, | : |
|     Defendant | : |

<u>Memorandum Order</u>

Plaintiff Winslow Harvest filed a complaint in June 2021, amended a month later, claiming that defendant Harry Reger, a police officer, violated his rights on April 16, 2021 by using a Taser on him. Once the complaint was served and counsel appeared for the defendant, events had moved on and defendant filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6) asserting that the complaint fails to state a claim because the encounter on April 16, 2021 had been an arrest and the arrest led to Harvest pleading guilty to resisting arrest. A 3-23 month sentence was imposed on August 17, 2021; other charges were *nol prossed* in September 2021.

I interpret the complaint, as amended, as alleging a claim for the excessive use of force under the Fourth Amendment. A conviction for resisting arrest is not a conclusive bar to all such claims arising out of the same incident, but it is clearly inconsistent with some, because an element of resisting arrest is that the person's action justified the use of substantial force. From the *pro se* complaint, the response to the motion to dismiss, and plaintiff Harvest's other filings it is clear that he does not think that defendant Reger had any business interacting with him at all, but it is difficult to discern what exactly plaintiff is alleging about the excessiveness of the force used. Since the motion to dismiss was filed plaintiff has been sending regular correspondence updating the Court on events related to the complaint or describing other encounters with the defendant and other law enforcement officers. They follow the same writing style as the complaint and although they are passionate, as legal documents they are less than clear.

Fed.R.Civ.P. 8(a) requires the complaint to be a short plain statement of facts explaining the plaintiff's claim against the defendant. Circuit precedent also directs that even if a plaintiff files an insufficient civil rights complaint it should not be dismissed without leave to amend unless amendment is futile or inequitable. The best course of action is to construe the motion to dismiss as one under Fed.R.Civ.P. 12(e) for a more definite statement, and as such grant it, to give plaintiff the opportunity to set down in one place a short plain statement of facts explaining why defendant's conduct on April 16, 2021 violated his rights. Plaintiff Harvest can in that amended complaint give any

1

explanation plaintiff wishes to offer about the impact of his guilty plea to resisting arrest on his claim that defendant Reger used excessive force.

    Therefore, plaintiff shall file an amended complaint explaining what he claims Reger did and why it was wrongful, as well as the injuries he alleges and the relief he seeks. I encourage plaintiff to do that in separate numbered paragraphs. I can read his letter-style description of events, but if I need to zoom in on a particular fact, having the events set out step by step would be helpful to everyone.

    Plaintiff shall file the amended complaint by September 30, 2022. Defendant may renew the motion to dismiss thereafter, with any response by plaintiff to any motion to dismiss due twenty days after he receives the motion to dismiss.

DATE:  August 24, 2022

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

Winslow U. Harvest
P.O. Box 471
Northern Cambria, PA 15714