IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WINSLOW ULYSSES HARVEST, : | |
| Plaintiff : | |
| v. : | Case No. 3:21-cv-113-KAP |
| CPL HARRY REGER, : | |
| Defendant : | |

<u>Memorandum Order</u>

Plaintiff Winslow Harvest filed a complaint in June 2021, amended a month later, ECF no. 7, claiming that defendant Harry Reger, a police officer, violated his right under the Fourth Amendment to be free from unreasonable searches and seizures on April 16, 2021, when Reger used a Taser on him. For the reasons explained below, it is dismissed.

Once served with the complaint, Reger filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6) in early 2022, ECF no. 18, asserting that the complaint failed to state a claim because the encounter on April 16, 2021 had been an arrest and the arrest led to Harvest pleading guilty to resisting arrest and receiving a 3-23 month sentence on August 17, 2021. (Out of an abundance of caution defendant also analyzed the *pro se* complaint as if it contained a First Amendment claim and a catch-all Fourteenth Amendment claim, but I think that it is a waste of judicial resources to imagine the claims a complaint might have contained only to find those hypothetical claims to be inadequate.) Reger also raised the defense of qualified immunity. *See* <u>Randolph-Ali v. Minium</u>, 793 Fed.Appx. 146, 150 (3d Cir. 2019)(qualified immunity defeats claim that use of a taser is an excessive use of force on a person who disobeys an officer or actively resists an officer's commands, or whose actions suggest an intent to use violence.)

Throughout 2022, Harvest filed correspondence and several pleadings docketed as responses to the motion to dismiss that addressed not the adequacy of the complaint but later events and Harvest's ongoing dissatisfaction both with Reger and with the Court of Common Pleas of Cambria County. In August 2022 I stated that I would construe the motion to dismiss as one for a more definite statement because under the favorable termination rule of <u>Heck v. Humphrey</u>, 512 U.S. 477, 481-82 (1994), Harvest's conviction would be a barrier to some but not all claims for excessive use of force. *See e.g.* <u>Feliz v. Kintock Group</u>, 297 Fed.Appx. 131 (3d Cir.2008)(claim of excessive use of force barred by assault conviction); <u>Jacobs v. Bayha</u>, 616 Fed.Appx. 507, 509 (3d Cir.2015)(same). I issued a scheduling order requiring plaintiff to file an amended complaint on or before September 30, 2022, after which Reger could renew his motion if desired. ECF no. 35.

September 30, 2022 came and went without an amended complaint (although

1

Harvest made further filings in October 2022 relating to his other disputes), and in October 2022 Reger renewed his motion to dismiss, ECF no. 38, raising as well the lack of prosecution of the litigation by Harvest. Nothing further has been received from Harvest.

Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir.1984), sets out the six-factor rubric to follow in considering sanctions for failure to prosecute, requiring consideration of: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) any history of delay; (4) whether the conduct of the party or attorney at fault was willful or in bad faith; (5) the effectiveness of alternative sanctions; and (6) the merit of the claim or defense.

Weighing the Poulis factors, I conclude that dismissal of the complaint is an appropriate sanction. It is not necessary that all the Poulis factors weigh in favor of dismissal. Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir.1988). The sanction for failure to prosecute must balance the Court's need to control its own docket against the goal of disposing of litigation on its merits, *see* In re Asbestos Products Liability Litigation (No. VI), 718 F.3d 236, 246 (3d Cir.2013), recognizing that in the absence of "substantial" reasons to the contrary, cases should be decided on the merits. Hildebrand v. Allegheny County, 923 F.3d 128, 132 (3d Cir. 2019).

Plaintiff is proceeding *pro se* and is therefore solely responsible for any lack of action on his part. The obvious identifiable prejudice to the defendant is the cost of defending when plaintiff has simply walked away from the complaint. Plaintiff is proceeding *in forma pauperis* and alternative sanctions such as monetary penalties are inappropriate with indigent plaintiffs. It is not possible to characterize the plaintiff's delinquency as willful, as that term is commonly understood. Harvest has over the years filed and abandoned several cases arising out of criminal prosecutions against him and his failure to follow through appears to be related to the state of his mental health rather than any intent to delay litigation.

Of most importance, on this record Harvest has no claim. Harvest's complaint suggests that he "tapped [defendant's] corrupt ass open-handed twice" before Reger used his Taser, and it is difficult to discern why the use of nonlethal force in response to assault, which Harvest admitted in his complaint, or resisting arrest, which Harvest admitted in his guilty plea, should be considered excessive. The crime of resisting arrest in violation of 18 Pa.C.S.§ 5104 requires as its first element that Reger was effecting a lawful arrest or discharging another lawful duty. See Commonwealth v. Jackson, 924 A.2d 618, 620 (Pa. 2007). That is *prima facie* inconsistent with Harvest's Fourth Amendment claim (or the First Amendment claim discussed in Reger's brief). So is either prong of the second element of the offense defined in Section 5104, that Harvest created a "substantial risk of

bodily injury to" Reger, or employed means justifying Reger's use of "substantial force to overcome the resistance." Resisting arrest does not give *carte blanche* to all uses of force by the arresting officer but the use of a Taser twice, *see* Complaint Section V.F.1, as a matter of law is not an excessive response. As a reading of Randolph-Ali v. Minium, makes clear, several members of the Court of Appeals would draw a further distinction between a Taser used in dart mode and a Taser used in drive-stun mode, and Harvest does not even allege that Reger used the Taser in what members of the Court of Appeals consider the more problematic dart mode.

The motion to dismiss at ECF no. 38 is granted, and the complaint is dismissed for failure to state a claim. In the alternative, the complaint is dismissed without leave to amend for failure to prosecute.

DATE:  February 22, 2023

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

Winslow U. Harvest
P.O. Box 471
Northern Cambria, PA 15714